UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROLAND PELLETIER,

    Plaintiff,

v.                                        Case No. 1:22cv317-MW-HTC

GAINESVILLE POLICE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roland Pelletier, a pretrial detainee proceeding *pro se*, has filed a civil rights complaint seeking to assert claims under 42 U.S.C. § 1983, ECF Doc. 1. Plaintiff did not pay the filing fee. Instead, he filed an "Affidavit Certificate" and an "Inmate Balance History Report," purporting to show insufficiency of funds. ECF Doc. 2. Upon review, the Court initially directed Plaintiff to file an amended complaint on this Court's forms, along with a complete motion to proceed *in forma pauperis*. ECF Doc. 6. Plaintiff did not comply with the Court's directive and the time for him to do so has passed. Regardless, upon further review of this case, the Court has determined Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who has not shown he is in imminent danger of serious physical injury. Given Plaintiff's status, he cannot proceed *in forma pauperis* and was required to pay the filing fee at

the time of filing the complaint. His failure to do so warrants a dismissal of this action.

## I.   BACKGROUND

Plaintiff originally initiated this action in the Middle District of Florida. ECF Doc. 1. The case was transferred to this Court pursuant to 28 U.S.C. § 1406. ECF Docs. 4–5. Based on Plaintiff's complaint, he is seeking to assert claims for violations under the Fourth, Fifth, Sixth, and Eighth Amendments arising from his "unlawful arrest" by the Gainesville Police Department ("GPD"). The complaint names the arresting officer, GPD, and the prosecutor in his state-court criminal case.

## II.   DISCUSSION

Under certain circumstances, § 1915 of the PLRA prohibits a prisoner from proceeding *in forma pauperis* unless he can show he is in imminent danger of serious physical injury. Specifically, the section provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

dismissal of the action, without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit").

The sole exception is for a prisoner who can demonstrate he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Past allegations of imminent danger are insufficient to invoke the exception. *Daker*, 999 F.3d at 1310–11.

### A. Plaintiff Is a 3-Striker

Turning to the present case, the Court takes judicial notice of the following cases filed by Plaintiff as a prisoner, which were dismissed on one of the grounds set forth in 28 U.S.C. § 1915(g): (1) *Pelletier v. Florida*, No. 6:22-cv-1587-CEM-EJK, ECF Docs. 2–3 (M.D. Fla.), dismissed with prejudice for failure to state a claim; (2) *Pelletier v. Henderson, et al.*, No. 6:22-cv-1597-RBD-DCI, ECF Docs. 2–3 (M.D. Fla), dismissed with prejudice for failure to state a claim and as frivolous; (3) *Pelletier v. Palm Bay Police, et al.*, No. 6:22-cv-02031-CEM-EJK (M.D. Fla.), dismissed as frivolous.  Each of these cases bears Plaintiff's name, which is uncommon, and his Florida Department of Corrections inmate number, 287407.  Thus, Plaintiff is a three-striker.

### B. Imminent Danger

Plaintiff has not shown he is in imminent danger.  Indeed, he has not even attempted to allege imminent harm, and the factual allegations do not suggest any present threat of injury.  While Plaintiff references, in a conclusory fashion, having experienced "harassment" and "cruel and unusual punishment," those bare allegations are too vague to invoke the exception.  Indeed, from what the Court could discern from Plaintiff's one-page, barely legible, handwritten statement of facts, he did not suffer any physical harm during the arrest.  Regardless, even if he had been harmed during the arrest, the event occurred in the past.  It is well settled that prior

or past harm is insufficient to meet the PLRA imminent danger exception. *See O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016) (holding that a past threat of serious physical injury is insufficient to plead imminent danger); *see also Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (general allegations found to be "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury") (citations and internal quotation marks omitted).

Thus, because Plaintiff is a three-striker who did not pay the filing fee at the time he filed the complaint, Plaintiff's claim should be dismissed. *See Dupree*, 284 F.3d at 1236.

Also, as an additional ground for dismissal, as stated above, Plaintiff has failed to comply with the Court's order directing him to file an amended complaint. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Here, Plaintiff has failed to file an amended complaint as he was directed to do. ECF Doc. 6.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who did not pay the Court's filing fee and has not shown he is in imminent danger of serious physical injury. Also, Plaintiff has failed to comply with this Court's order.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 16th day of December, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.